UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TIMOTHY NELSON REEVES,

Plaintiff,

v.

HOYT BRILL,

Defendant.

Civil File No. 00-395 (RHK/ESS)

**ORDER**

This matter is before the Court on Plaintiff's "Request To Amend Complaint," (Docket No. 25), by which he seeks leave to file a second amended complaint in this matter.[1]

Local Rule 15.1 clearly requires that "[a] party who moves to amend a pleading shall file an original and two copies of the motion to amend, <u>and shall attach a copy of the amended pleading to the original motion and to each copy of the motion</u>." (Emphasis added.) Plaintiff's motion does not comply with Local Rule 15.1, because he did not attach a copy of his proposed amended pleading to his motion papers. Plaintiff's "Request To Amend Complaint" will therefore be summarily denied.

The Court will, however, afford Plaintiff an opportunity to resubmit his motion, <u>with an attached copy of his proposed amended pleading</u>, as required by the Local Rules. If

[1] Plaintiff's original complaint, (Docket No. 3), was dismissed as to several Defendants, because Plaintiff had failed to allege any actionable claim for relief against such Defendants. (Order dated September 30, 1999; [Docket No. 12].) Plaintiff's first amended complaint, (Docket No. 14), also was dismissed as to some of the named Defendants, for essentially the same reason. (Order dated February 17, 2000; [Docket No. 24].) (The second dismissal order also caused this action to be transferred to this District from the District Court for Colorado, where the action was originally commenced.)

FILED APR 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

he chooses to resubmit his motion for leave to amend, he must do so by no later than May 1, 2000. If he has not filed a new motion by that date, his current pleading, (Docket No. 14), will thereafter be screened pursuant to 28 U.S.C. § 1915A, to determine whether it states any actionable claim against the only currently remaining Defendant in this action, Hoyt Brill.

Plaintiff is reminded that if he again seeks leave to amend, he must "reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Local Rule 15.1. In other words, all previous pleadings will be disregarded; Plaintiff will have to state all of his claims, and all of the factual allegations offered in support of such claims, in his proposed Second Amended Complaint.

Inasmuch as Plaintiff will have had three opportunities to attempt to plead his claims, this will be the last time the Court will entertain a motion for leave to amend. For this reason, Plaintiff should exercise special care to make sure that each claim that he seeks to present is clearly identified and well-supported by specific factual allegations. The proposed Second Amended Complaint, (if Plaintiff does seek leave to amend), will have to clearly explain what each individual Defendant did or failed to do that allegedly violated Plaintiff's federal constitutional rights.[2] Finally, Plaintiff is advised that any

[2] The Court notes that the arguments advanced in Plaintiff's "Request To Amend Complaint" reveal a profound misunderstanding about the prerequisites for establishing a viable due process claim based on an alleged deprivation of a constitutionally protected liberty interest. Plaintiff is obviously relying on outdated case law, which suggests that liberty interests may be created by "mandatory language" found in state regulations. That approach was effectively discarded by the Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff is forewarned that any due process claim based on the "mandatory language" theory will not survive the initial screening procedure mandated by 28 U.S.C. § 1915A.

amended pleading that he may seek leave to file must be submitted on the prisoner civil rights complaint form prescribed for use in this District. See Local Rule 9.3.[3]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Request To Amend Complaint," (Docket No. 25), is DENIED;

2. Plaintiff shall have until May 1, 2000, to submit a new motion to amend, in conformity with the Local Rules, failing which he will be deemed to have abandoned his request for leave to amend and his present amended complaint, (Docket No. 14), will be screened pursuant to 28 U.S.C. §1915A; and

3. The Clerk of Court shall send to Plaintiff, with his copy of this order, a copy of the prisoner civil rights complaint form prescribed by Local Rule 9.3

Dated: April 7, 2000

E.S. SWEARINGEN
United States Magistrate Judge

[3] The Clerk of Court will be directed to send Plaintiff a copy of the prescribed civil rights complaint form with Plaintiff's copy of this order.