UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TIMOTHY NELSON REEVES,

Plaintiff,

v.

HOYT BRILL, OFFICER MR. RUNNING, and JOHN W. SUTHERS,

Defendants.

Civil File No. 00-395 (RHK/ESS)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's "Motion to Amend Complaint." (Docket No. 27.) It will be recommended that this motion be GRANTED, and that the Clerk be directed to file the proposed "Second Amended Complaint" that accompanied the motion. The granting of Plaintiff's motion to amend will mean that the Second Amendment Complaint is ripe for review pursuant to the "screening" requirements of 28 U.S.C. § 1915A.[1] For the reasons discussed below, the

[1] The relevant portions of § 1915A provides as follows:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

FILED JUN 0 8 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Court finds that Plaintiff's Second Amended Complaint fails to state a claim on which relief may be granted. Thus, it will be further recommended that this action be DISMISSED pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff, a prisoner of the State of Colorado, commenced this action on May 24, 1999, by filing a complaint and an application for leave to proceed in forma pauperis, ("IFP"), with the U.S. District Court for the District of Colorado.[2] In his original complaint, Plaintiff alleged that he had been deprived of his constitutional rights under both the "cruel and unusual punishment" clause of the Eighth Amendment and the "due process" clause of the Fourteenth Amendment. Those violations allegedly occurred during the months of December 1998 and January 1999, while Plaintiff was incarcerated at the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota.

According to the complaint, Plaintiff was part of a group of approximately 80 PCF inmates who were accused of participating in a prison riot in December 1998. Although Plaintiff denies being involved in the riot, he was charged with violating prison rules. A hearing was conducted, and he was found guilty. During the course of these various events, Plaintiff allegedly was subjected to numerous indignities and punishments, including (i) being covered with pepper spray, (ii) being forced to wear the same clothes during the period of December 18-28, 1998, (iii) being "double-bunked" in segregated

---

[2] Plaintiff's IFP application was granted by order dated July 12, 1999. (Docket No. 7.) The Colorado District Court excused Plaintiff from paying an initial partial filing fee, (see 28 U.S.C. § 1915(b)(1)), because he was financially unable to do so. As noted in that Court's order, however, Plaintiff still remains obligated to pay the full filing fee for this action.

confinement (apparently for several weeks), and (iv) being required to pay $250 in restitution for damages that occurred during the riot.[3]

The Defendants named in Plaintiff's original complaint were John W. Suthers, (the executive director of the Colorado Department of Corrections), Hoyt Brill, (the warden at PCF), Mr. Running, (a hearing officer at PCF), Mr. Ruether and Mr. Evenson, (correctional officers at PCF), and "John Doe." Plaintiff contended that the named Defendants violated his Eighth Amendment rights and his due process rights by their alleged actions against him in the aftermath of the riot. He asked the Court to provide injunctive relief, and to award him substantial sums of compensatory and punitive damages.

In an order dated September 30, 1999, (Docket No. 12), the Colorado District Court dismissed all of Plaintiff's due process claims. Those claims were found to be "legally frivolous," because Plaintiff had not alleged any facts suggesting that he had been subjected to any "atypical and significant hardship... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The order of September 30, 1999, did not address the merits of Plaintiff's attempted Eighth Amendment claim. The Court noted, however, that Plaintiff's Eighth Amendment claim appeared to directed only against supervisory personnel, (namely Defendants Suthers, Brill and Doe), and that such Defendants could not be held liable merely by reason of their "supervisory positions." Plaintiff was therefore ordered to file an amended complaint "assert[ing] the personal

---

[3] Plaintiff's later submissions further indicate that (1) prison officials at PCF deducted $83.54 from his prison trust account to be applied toward his restitution debt, and (2) he may have lost certain "good time credits" as a result of his alleged involvement in the riot.

participation of each remaining defendant in the remaining Eighth Amendment claim." (Order dated September 30, 1999, p. 6.) In short, the Colorado Court dismissed all of Plaintiff's due process claims on the merits, and ordered him to file an amended complaint showing the specific factual bases for his surviving Eighth Amendment claim against Defendants Brill, Suthers and Doe.

Petitioner filed a motion asking the Colorado District Court to reconsider the order dismissing his due process claims, but that motion was denied. (Order dated February 17, 2000; [Docket No. 24].) Plaintiff also appealed the District Court's dismissal order to the Tenth Circuit Court of Appeals, but that appeal was summarily dismissed.[4]

After the Colorado District Court dismissed Plaintiff's due process claims and ordered him to file an amended complaint restating his Eight Amendment claims, Plaintiff did in fact file a new complaint. (Docket No. 14.) The Colorado Court then reviewed the Amended Complaint, and concluded that Plaintiff still had not alleged any facts showing that any Defendant, with the possible exception of Defendant Brill, had personally participated in any incident that had allegedly violated Plaintiff's Eighth Amendment rights. The Court did not expressly decide whether Plaintiff's Amended Complaint stated an actionable claim against Defendant Brill, but instead decided the case should be transferred to the Minnesota District Court because (1) Brill -- at that point the only remaining Defendant in the case -- is a Minnesota resident, and (2) the events on which Plaintiff's claims are based allegedly occurred in Minnesota. Thus, by order dated

[4] This information was provided by the Office of the Clerk of Court for the Tenth Circuit.

February 17, 2000, (Docket No. 24), Plaintiff's case was transferred to this District.

A short time after Plaintiff's case arrived here, he filed a document entitled "Request to Amend Complaint," (Docket No. 25), by which he sought leave to file another amended complaint. That request was denied, because Plaintiff had failed to submit a copy of his proposed new pleading, as expressly required by Local Rule 15.1. (Order dated April 7, 2000; [Docket No. 26].) However, Plaintiff was given the opportunity to submit a new motion for leave to amend, provided that he complied with the applicable Local Rule. Thereafter, Plaintiff did submit a new motion to amend, (Docket No. 27), and this time he did include a copy of his proposed Second Amended Complaint with his motion. The new motion to amend, as well as Plaintiff's Second Amended Complaint, are now ripe for review.

## II. DISCUSSION

### A. Motion To Amend

According to Fed. R. Civ. P. 15(a), leave to amend shall be "freely given when justice so requires." In this case, none of the Defendants has been served, no Defendant has entered any appearance in this matter, and the Court finds no reason to believe that any Defendant will be prejudiced by allowing Plaintiff to file his Second Amended Complaint. As previously noted, Plaintiff has complied with the requirements of Local Rule 15.1, by submitting a copy of his proposed new pleading. Given these circumstances, the Court concludes that Plaintiff's motion to amend, (Docket No. 27), should be GRANTED. The Clerk should be directed to file the "Second Amended Complaint" that was submitted with Plaintiff's motion, and assign it a docket number.

B. Screening of Plaintiff's Second Amended Complaint

Because Plaintiff is a prisoner who is seeking redress from governmental agents,[5] his pleading is subject to the screening procedures prescribed by 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"). Section 1915A requires federal courts to screen the pleadings in every prisoner civil rights action against such Defendants "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1). In the instant case, the Court finds that Plaintiff's Second Amended Complaint fails to state any claim on which relief can be granted, and that his action must therefore be summarily dismissed pursuant to § 1915A(b)(1).[6]

---

[5] Parties cannot be sued under the federal civil rights laws unless they are considered to be "state actors." See West v. Atkins, 487 U.S. 42, 48 (1988) (to state an actionable § 1983 claim, the plaintiff must allege that the defendant violated his constitutional rights while acting under color of state law). Therefore, although Plaintiff's Complaint may not expressly allege that Defendants are governmental entities or employees, his civil rights claims are obviously predicated on the expectation that they will be treated as governmental agents for purposes of this lawsuit, (even though PCF is a privately operated prison).

[6] Even if § 1915A were not applicable here, Plaintiff's Second Amended Complaint would still be subject to sua sponte dismissal pursuant to 42 U.S.C. § 1997e(c)(1), which provides that

> "[t]he court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be

Plaintiff's Second Amended Complaint is fatally defective because he has made no effort to state an Eighth Amendment claim. Instead, it appears that the claims set forth in Plaintiff's newest pleading are based solely on the Fourteenth Amendment's due process clause. He contends that the named Defendants violated his federal constitutional rights by depriving him of certain alleged "liberty interests" without affording him the benefits and protections of due process. However, the Colorado District Court has already determined, as a matter of law, that Plaintiff cannot sustain a due process claim based on the facts alleged in this case. Therefore, Plaintiff's current attempt to once again plead a due process claim is barred under the "law of the case" doctrine.

"The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parities, and promote judicial economy." U.S v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995). In this case, the Colorado District Court's dismissal of Plaintiff's due process claims constitutes the law of the case. The Court provided a full, well-reasoned explanation for dismissing those claims – namely that Plaintiff could not succeed on such claims even if he proved the facts alleged in complaint.[7] Furthermore, the Colorado Court re-affirmed its ruling on Plaintiff's motion for

---

granted, or seeks monetary relief from a defendant who is immune from such relief."

[7] For the record, this Court fully agrees with the Colorado Court's analysis of Plaintiff's attempted due process claims. Clearly, the events described in Plaintiff's initial complaint (and again in his Second Amended Complaint) do not constitute the type of "atypical and significant hardships" that the Supreme Court had in mind when it redefined the process of evaluating prisoner due process claims in Sandin v. Conner.

reconsideration, and Plaintiff's appeal of that ruling was later dismissed by the Tenth Circuit. Because this Court is bound by the prior rulings in this matter under the law of the case doctrine, Plaintiff's latest attempt to resurrect his due process claims must be rejected.[8]

The order dismissing Plaintiff's due process claims, (Order dated September 30, 1999), granted Plaintiff leave to amend only for the limited purpose of allowing him to re-state his Eighth Amendment claim. The Colorado Court expressly stated in its dismissal order that "Mr. Reeves will be directed to file an amended complaint as to his Eighth Amendment claim only." (Id., p. 5; emphasis added.) However, the Second Amended Complaint that is now before this Court for initial screening makes no reference to the Eighth Amendment. Because Plaintiff has made no effort to state an Eighth Amendment claim, he has obviously failed to comply with the pleading requirements imposed by the Colorado Court. For this reason alone, his Second Amended Complaint is subject to summary dismissal.

Furthermore, even if the Second Amended Complaint did purport to state an Eighth Amendment claim, Plaintiff's pleading would have to be summarily dismissed pursuant to § 1915A(b) (and § 1997e(c)(1)), because he has alleged no facts which, if proven true, would support such a claim. The only relevant factual allegations are (1) that Plaintiff

---

[8] Plaintiff's current due process claims might warrant further discussion – notwithstanding the Colorado Court's dismissal order – if they were based on new facts. It is readily apparent, however, that Plaintiff's current claims are based on the same events as those described in his original pleading. Because the Colorado District Court has already determined that Plaintiff cannot successfully prosecute a § 1983 due process claim based on those alleged events, his current pleading must be summarily dismissed.

(along with 80 other inmates) was sprayed with a "pepper spray," (2) that Plaintiff was forced to "double-bunk" for a period of time, (apparently not more than a month), and (3) that Plaintiff was forced to wear the same clothes for approximately twelve days. Even if Plaintiff could prove any or all of these allegations, he could not sustain an Eighth Amendment claim.

The use of "pepper spray" on an inmate does not, per se, violate the Eighth Amendment.[9] In this case, it does not appear that Plaintiff was singled out for pepper spray harassment; instead it appears that he simply happened to be part of a group of inmates that was sprayed for the purpose of quelling a prison riot. It also does not appear that Plaintiff suffered any significant physical harm as a result of his alleged exposure to pepper spray. Under these circumstances, the pepper spray allegation will not support an Eighth Amendment claim. See Hudson v. McMillian, 503 U.S. 1, 7 (1992) (to prevail on an Eighth Amendment claim, a prisoner must demonstrate that the defendant used physical force against him not "in a good faith effort to maintain or restore discipline," but "maliciously and sadistically to cause harm").

Likewise, Plaintiff's allegations regarding "double-bunking," and a lack of clean clothing cannot be viewed as a violation of his federal constitutional rights. "Double-bunking" is not uncommon in a prison setting and, by itself, cannot be considered to be

---

[9] Several federal courts have rejected Eighth Amendment claims based on the use of chemical irritants against inmates. See e.g., Bennett v. Cambra, No. C 96-2062 VRW (N.D.Cal. 1997), 1997 WL 88329 at *3, aff'd, 125 F.3d 857 (9th Cir. 1997) (table); Washington v. Cambra, No. C 95-3412 TEH (N.D.Cal. 1996), 1996 WL 417245 at *6, aff'd 131 F.3d 150 (9th Cir. 1997) (table); Hall v. Powell, No. CI 92-141-JD, (D.N.H. 1994), 1994 WL 421108 at *3; Slusser v. Bayh, No. 3:93-CV-790RM, (N.D.Ind. 1996), 1996 WL 535437 at *2-3.

"cruel and unusual punishment." Rhodes v. Chapman, 452 U.S. 337, 348 (1981). And, while it could be argued that inmates cannot be compelled to wear the same clothes indefinitely, there is no constitutional guaranty of clean clothing every twelve days or less.[10]

Finally, the Court notes that all of the Defendants named in the Second Amended Complaint, (i.e., Defendants Brill, Running and Suthers), appear to be supervisory/administrative personnel. There are no allegations in the Second Amended Complaint suggesting that any of the three named Defendants had any direct, personal involvement in the use of pepper spray, the double-bunking, or the denial of clean clothing. Instead, it appears that Plaintiff is attempting to sue these three Defendants under the doctrine of respondeat superior; i.e., that he is claiming they should be held vicariously liable for the alleged misdeeds of other individuals who were more directly involved in the three incidents described in Plaintiff's pleadings.

It is well-settled, however, that respondeat superior is not applicable to § 1983 claims, and that supervisors will not be held vicariously liable for constitutional violations committed by their subordinates. Sanders v. U.S., 760 F.2d 869, 872 (8th Cir. 1985). The

---

[10] See Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995), ("the Constitution 'does not mandate comfortable prisons;' it prohibits 'inhumane ones'"), quoting Farmer v. Brennan, 511 U.S. 825, 834, 832 (1994); Smith v. Copeland, 87 F.3d 265, 269 (8th Cir. 1996) (conditions such as a filthy cell or inadequate laundry privileges may well be permissible if they last for only a few days, even though such conditions might be constitutionally impermissible if allowed to persist for weeks or months); Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) ("we cannot find a constitutional violation where the record fails to show that the conditions were of any proven adverse consequence to the health or other basic human needs of the plaintiffs") (emphasis in the original); Tokar v. Armontrout, 97 F.3d 1078, 1081 (1996) (conditions of confinement claim rejected where Plaintiff conceded that he had not suffered "any adverse medical reaction").

Colorado Court informed Plaintiff of this principle in the order of September 30, 1999.[11] Indeed, that order specifically directed Plaintiff to amend his complaint to show "the personal participation of each remaining defendant in the remaining Eighth Amendment claim." (Order dated September 30, 1999, p. 6.) It is readily apparent, however, that Plaintiff has not done what he was ordered to do. Rather than alleging facts to support an Eighth Amendment claim against the named Defendants, Plaintiff has merely attempted to re-state his previously rejected due process claim. Thus, it appears that he has dropped the Eighth Amendment claim he was supposed to re-plead, and he has instead attempted to re-plead the claim that had already been dismissed as "legally frivolous." That will not suffice.

## III. CONCLUSION

For the reasons discussed herein, it is recommended that Plaintiff's "motion to amend complaint" be granted, and that his "Second Amended Complaint" be filed by the Clerk. It is further recommended that Plaintiff's Second Amended Complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim on which relief can be granted. To the extent that Plaintiff is attempting to allege a violation of his due process rights, his claim is barred by the previous ruling of the Colorado District Court, which constitutes the "law of the case" in this matter. To the extent that Plaintiff may be attempting to allege a violation of his Eighth Amendment rights, his claim is barred because (i) he has not clearly indicated that he is attempting to bring an Eighth

---

[11] The Court expressly stated that "the defendants Mr. Suthers, Mr. Doe, and Mr. Bill [sic] may not be held liable merely because of their supervisory positions...." (Order dated September 30, 1999, p. 6.)

Amendment claim, (ii) he has not alleged any facts which, if true, would support an Eighth Amendment claim, and (iii) he has not alleged that the named Defendants were personally involved in any of the events on which an Eighth Amendment claim could be based.

Finally, the Court notes that Plaintiff has, for no apparent reason, filed a new application for leave to proceed in forma pauperis. (Docket No. 28.) Because Plaintiff has already been granted IFP status in this matter, (Docket No. 7), his new IFP application will be denied as moot.

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Motion To Amend Complaint," (Docket No. 27), be GRANTED, and that Plaintiff's proposed "Second Amended Complaint" be filed by the Clerk of Court;

2. Plaintiff's "Second Amended Complaint" be dismissed pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff's new "Application To Proceed Without Prepayment Of Fees," (Docket No. 28), be DENIED AS MOOT; and

4. This action be DISMISSED.

Dated: June 7, 2000

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.